JACOB D. FLESHER – SBN 210565
JASON W. SCHAFF – SBN 244285
JEREMY J. SCHROEDER – SBN 223118
**FLESHER SCHAFF & SCHROEDER, INC.**
2202 Plaza Drive
Rocklin, CA 95765
Telephone: (916) 672-6558
Facsimile: (916) 672-6602

Attorneys for Plaintiff,
B. DOE, a minor, by and through his Guardian,
KERRIE WAGNER

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| B. DOE, a minor, by and through his Guardian, KERRIE WAGNER,<br><br>Plaintiff,<br><br>vs.<br><br>NAPA VALLEY UNIFIED SCHOOL DISTRICT, a public entity; ANNIE PETRIE, an individual; TROY MOTT, an individual; GERALD HARRIS, an individual; JESUS MARTINEZ, an individual; J.T., an individual minor; B.B., an individual minor; J.Z., an individual minor; R.J., an individual minor; JOHN TORRES, an individual; FLORA TORRES, an individual; and, DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO. 3:17-cv-03753-SK**<br>*Complaint filed: 6/29/17*<br>*Trial Date: n/a*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF B. DOE'S MOTION TO STRIKE DEFENDANTS JOHN TORRES, FLORA TORRES AND J.T.'S FIRST AMENDED ANSWER, CROSSCLAIM AND THIRD-PARTY CLAIM ON BEHALF OF J.T.**<br><br>Date:   February 5, 2018<br>Time:   9:30 a.m.<br>Courtroom A, 15th Floor<br><br>Hon. Sallie Kim |

**I.**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff, B. Doe, a high school football player at Napa High School ("NHS"), filed this complaint after his fellow teammates sexually assaulted him in the locker room, as a part of a ritualized hazing tradition of the NHS Football team. The Torres Defendants, those subject to this motion to strike, include one of the players who assaulted Plaintiff, J.T., and his parents John and Flora Torres.

After Plaintiff filed the first amended complaint on September 19, 2017, the Torres Defendants belatedly filed an answer, a crossclaim, and a third-party complaint on December 8, 2017. The third-party complaint brings an additional nine parties into this lawsuit, all of whom are related to defendant J.T.'s subsequent expulsion from NHS. The answer, crossclaim, and the third-party complaint are procedurally and substantively improper and should be stricken.

First, the third-party complaint is procedurally improper because it was filed more than fourteen days after the Torres Defendants' original answer, which was filed on August 29, 2017, and the Torres Defendants failed to file a motion to obtain leave of court to bring in new parties as required by Fed. R. Civ. P. 14(a)(1).

Second, the third-party complaint is substantively improper because the Torres Defendants fail to allege that any of the non-parties they seek to add to this suit are liable to them for all or part of the claim against them by Plaintiff. Fed. R. Civ. P. 14(a)(1). The third-party claims against the additional parties seek to litigate a separate, albeit related, transaction—the investigation and expulsion of J.T.—that occurred as result of his role in the hazing.

Finally, the Torres Defendants filed an untimely answer and failed to obtain leave of court to file an out-of-time answer by showing excusable neglect as required under FRCP 6(b)(1)(B). Plaintiff filed the First Amended Complaint on September 19, 2017, making any required response due within fourteen days after service, by October 3, 2017. Fed. R. Civ. P. 15(3). The Torres Defendants did not file their answer to the First Amended Complaint until December 8, 2017, and did not seek leave of court to do so. Plaintiff requests the court strike Defendant Torres' Answer to the First Amended Complaint, Crossclaim and Third-Party Complaint.

## II.

## STATEMENT OF FACTS

Plaintiff filed the Complaint on June 29, 2017. (Flesher Dec. ¶2.) The original complaint pleads causes of action for Negligence, Sexual Battery, Intentional Infliction of Emotional Distress, False Imprisonment, and Vicarious Liability for Willful Misconduct of a Minor, against the Torres Defendants. (Flesher Dec. ¶3.) The Torres Defendants filed an answer on August 29, 2017. (Flesher Dec. ¶4.)

In response to Napa Valley Unified School District's ("NVUSD") Motion to Dismiss, Plaintiff filed the First Amended Complaint ("FAC") on September 19, 2017. (Flesher Dec. ¶5.) The FAC removes reference to Government Code § 815.2, which was pled against NVUSD, adds a cause of action for Violation of California Penal Code 245.6 "Matt's Law" against J.T. and John Torres, and adds a cause of action for violation of 42 USC § 1983 against NHS defendants. (Flesher Dec. ¶5.)

In November of 2017, counsel for the Torres Defendants, Mr. Gerald Harris, asked for a stipulation from all parties to file an amended answer and include a cross-claim. (Flesher Dec. ¶6) On November 27, 2017, Mr. Harris circulated his proposed amended pleadings, including a proposed crossclaim that included nine new parties. (Flesher Dec.¶7). B. Doe refused to stipulate to the amended pleadings and objected during a meet and confer telephone call.  (Flesher Dec.¶8).

Rather than filing an appropriate motion, the Torres Defendants did not file responsive pleadings to the FAC until December 8, 2017. (Flesher Dec. ¶9.)   This included an answer, a crossclaim, and a third-party complaint. (Flesher Dec. ¶9.)   The cross-claim and third-party complaint allegations stem from defendant J.T.'s expulsion on March 31, 2017 from NHS for bullying, use of willful force, and hazing after an investigation by the District.  (Torres Crossclaim and Third-Party Complaint 8:12-19.)

The Torres Defendants' action is filed against defendants NVUSD and NHS's principal Annie Petrie. (Torres Crossclaim and Third-Party Complaint 9:1-8.)   The action names nine new parties to this lawsuit: 1) NVUSD Board of Education, 2) Patrick Sweeny, 3) Mark Morrison, 4) Mike Mansuy, 5) Drew Herron, 6) Brian Marchus, 7) Kay Vang, 8) Sally Dutcher, 9) Angela Gramlick. (Torres Crossclaim and Third-Party Complaint 9:9 – 10:7.)   These individuals were allegedly involved in the investigation and expulsion of J.T. from NHS after Plaintiff was assaulted. (*Id.*)

The Crossclaim and Third-Party Complaint plead nine causes of action: 1) Due Process Violation (against Petrie, Sweeney, Mansuy, Herron, Morrison, Marchus, Vang, Gramilick and Dutcher), 2) Procedural Due Process Violation (against Sweeny, Mansuy, Herron, Morrison, Marchus, Vang, Gramlick and Dutcher), 3) Equal Protection Violation (against Petrie and Sweeny), 4) Title IX Violation (against NVUSD), 5) Negligence (against Petrie, Sweeney, Mansuy, Herron and Morrison), 6) Equitable Indemnification (against NVUSD only), 7) Failure to Train and Supervise Employees- Monell Liability (against NVUSD), 8) Custom, Policy or Practice- Monell Liability (against NVUSD), and 9)

Supervisory Liability (against Sweeney and Petrie). (Torres Crossclaim and Third-Party Complaint 22:12- 38:11.)

## III.

## ARGUMENT

**A.   TORRES DEFENDANTS' THIRD-PARTY COMPLAINT IS PROCEDURALLY IMPROPER FOR FAILURE TO SEEK LEAVE OF COURT TO ADD PARTIES AND SHOULD BE STRICKEN.**

The Torres Defendants seek to add nine parties to this lawsuit through a late filed third-party complaint, and did not seek leave of court to file. Fed. R. Civ. P. 14(a)(1) outlines when a defendant may bring in a third-party:

> "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."

There is jurisdictional variation in defining "original answer".  The first, and that most recently followed by the Northern District, is the plain language or literal reading of the rule, under which the original answer is one that responds to the complaint that commenced the action. *Clear-View Techs., Inc. v. Rasnick* (N.D. Cal. March 23, 2015, No. 13-cv-02744-BLF) U.S. Dist. LEXIS 37293 (using date of first filed answer despite later amended complaints).

The second, and that found to be the majority view by the Eastern District, finds the "original answer" can be the answer to an amended complaint so long as the basis for impleader is that which is new, or "original," in the answer to the amended complaint. *McDougald v. O.A.R.S. Cos.* (E.D.Cal. Apr. 17, 2006, No. 1:04-CV-6057 OWW DLB) 2006 U.S.Dist.LEXIS 22505.

The third finds that because an amended complaint which stands alone supplants any prior complaints, such an amended complaint becomes the original complaint and therefore the answer to such amended complaint becomes the "original answer" within the meaning of Rule 14 (a). *Nelson v. Quimby Island Reclamation District Facilities Corp.*, (N.D.Cal. 1980) 491 F.Supp. 1364, 1387.

Regardless of which interpretation the Court chooses to follow, the Torres Defendants failed to meet the requirements of any of the three interpretations. Defendants filed an answer to the complaint which initiated this lawsuit on August 29, 2017, and did not file the third-party complaint until December 8, 2017. Using the August 29th answer as the "original answer", the Torres Defendants were required to file a motion to obtain leave to file the complaint any time after September 12, 2017.

The basis for the Torres Defendants' third-party complaint is not new or original in the answer to the amended complaint. The only change in the FAC that pertains to the Torres Defendants is the addition of a cause of action for Violation of California Penal Code 245.6 "Matt's Law", against J.T. and John Torres. The causes of action filed against the third-party defendants relate to NVUSD's investigation, hearing and ultimate expulsion of J.T. from NHS. The third-party complaint does not allege that any of the third-party defendants are liable to J.T. for Plaintiff's claims against them. The basis for the third-party complaint, the expulsion of J.T., existed at the time of filing the August 29 answer. Given there was no new basis for the third-party complaint contained within the FAC, the Torres Defendants were required to obtain leave to file the third-party complaint.

Finally, considering the FAC as the operative pleading, the Torres Defendants would have fourteen days from filing their answer to add the third-party complaint, which they included with their answer filed on December 8, 2017. However, the answer was belatedly filed, as discussed below, and a motion for leave to file out-of-time was required.

Under any interpretation of "original answer", the Torres Defendants' action was procedurally improper, did not provide Plaintiff with an opportunity to oppose the addition of nine new parties to this lawsuit, and did not allow the court to conduct the proper analysis as to whether these parties should be added. Defendants were required to seek the leave of court to file the third-party complaint at this point in litigation, and the complaint should be stricken.

**B.   THIRD-PARTY COMPLAINT IS SUBSTANTIVELY IMPROPER BECAUSE IT DOES NOT ALLEGE THAT ANY NEW PARTY IS LIABLE TO THE TORRES DEFENDANTS FOR CLAIMS BROUGHT BY PLAINTIFF.**

Fed. R. Civ. P. 14(a)(1) states: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

For impleader to be permitted under Rule 14(a)(1), the third-party plaintiff's claim must be dependent upon the outcome of the main claim. *Stewart v. American Int'l Oil & Gas Co.,* (9th Cir.1988) 845 F.2d 196, 199-200 (dismissing third-party complaint for failure to show party would be liable for claims against a defendant). The purpose of this to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim. *Kim v. Fujikawa* (9th Cir. 1989) 871 F.2d 1427, 1434. A third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative. *Stewart v. American Int'l Oil & Gas Co*. (9th Cir. 1988) 845 F.2d 196, 199-200; see also *Irwin v. Mascott* 94 (N.D. Cal. 2000) F. Supp. 2d 1052, 1056 ("For impleader to be permitted under Rule 14, the third-party plaintiff's claim must be dependent upon the outcome of the main claim.").

Claims that are not secondary or derivative cannot be advanced under Rule 14(a) even though they arise out of the same transaction or occurrence as the main claim. *Bank of the West v. Estate of Leo* (D. Ariz. 2005) 231 F.R.D. 386. Impleader under Rule 14(a) is not device for bringing into the action any controversy which may happen to have some relationship with it. *Arrington v. National Broadcasting Co.* (D.D.C. Jan. 28, 1982) 531 F. Supp. 498.

The Torres Defendants' third-party complaint is improper because it does not allege that any of the nine new third-party defendants are liable to the Torres Defendants for all or part of the claims against them by Plaintiff. The new parties are: the NVUSD Board of Education; Patrick Sweeney, the NVUSD Superintendent; Mike Mansuy, the Director of Student Services; Drew Herron, Child Welfare and Attendance Supervisor; Mark Morrison, Executive director for Secondary Education; Brian Marchus, Kay Vang, Angela Gramlick, Administrative Panel members; and Sally Dutcher, the prosecuting attorney for J.T.'s expulsion proceedings. (Torres Crossclaim and Third-Party Complaint 9:9 – 10:7.) The allegations against these parties center around the investigation and ultimate expulsion on March 31, 2017 from NHS of J.T. for bullying, use of willful force, and hazing. (Torres Crossclaim and Third-Party Complaint 8:12-19.) These actions were taken by the District and District employees months after Plaintiff was assaulted.

Defendants fail to allege that any of the new parties are derivatively liable to the Defendants for any cause of action pled against them by Plaintiff.  The third-party complaint pleads equitable indemnity against only NVUSD, which is already a defendant in this action.  The remainder of the causes of action center around alleged harm to and the violation of the rights of J.T. in the investigation and disciplinary proceedings stemming from Plaintiff's assault.  These allegations seek nothing more than to distract away from Plaintiff's harms and attempt to cast J.T. in a sympathetic light, also as a victim.  These claims do not have a proper place in Plaintiff's lawsuit.

Defendants' claims against these new parties do not allege that they are or may be liable to the Torres Defendants for the claims against them by Plaintiff.  The third-party complaint should be stricken.

## C. AMENDED ANSWER SHOULD BE STRICKEN BECAUSE IT WAS FILED OUT OF TIME AND DEFENDANTS DID NOT SEEK LEAVE OF COURT TO FILE

Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading, or within 14 days after service of the amended pleading, whichever is later. Fed. R. Civ. P. 15(3).  When an act must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *Panis v. Mission Hills Bank, N.A.* (10th Cir. 1995) 60 F.3d 1486 (Court has discretion to permit filing of answer out-of-time on motion by the defendant upon a showing of excusable neglect.)

Plaintiff filed his First Amended Complaint with a cross claim on September 19, 2017.   As the time to respond to the original complaint had already lapsed, the Torres Defendants had fourteen days, until October 3, 2017, in which to file a response.  They did not do so, and delayed filing a response until December 8, 2017.  The Torres Defendants failed to seek leave of court to file their answer and cross claim out of time, and failed to make any showing of excusable neglect.  The First Amended Answer and Crossclaim should be stricken.

///
///
///
///

## IV.

## CONCLUSION

The Torres Defendants attempt to distract all parties from their misconduct against Plaintiff with their improperly filed amended answer, crossclaim and third-party complaint. These pleadings were filed untimely, and improperly seek to add parties that do not have liability to the Torres Defendants for Plaintiff's claims. Plaintiffs respectfully request that the court grant the motion to strike the Torres Defendants' answer, cross-claim, and third-party complaint.

DATED: December 28, 2017    **FLESHER SCHAFF & SCHROEDER, INC.**

By   /s/ Jacob D. Flesher
       JACOB D. FLESHER
       JASON W. SCHAFF
       JEREMY J. SCHROEDER
       Attorneys for Plaintiff, B. DOE