

1300 Clay St., Suite 600
Oakland, California 94612
Tel: 510.926.6521 | Fax: 510.340.9055
Email:  mmoya@moyalawfirm.com

**Filed Via ECF**

March 13, 2018

Hon. Sallie Kim
United States Magistrate Judge
Northern District of California
San Francisco Courthouse, Courtroom A-15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

> Re:   **Emergency Motion to Strike/Seal ECF No. 95-1**
> ***B. Doe v. Napa Valley U.S.D, et al.*, No. 3:17-cv-03753 (N.D.Cal.)**
> **(Fed. R. Civ. P. 5.2 & NDCA Local Rule 7-11 & 79-5)**

Dear Magistrate Judge Kim:

   We learned late this afternoon — after court hours — that the City of Napa, a non-party, appears to have inadvertently filed the unredacted name of a minor defendant in this action in violation of Fed. R. Civ. P. 5.2(a).  *See* Dkt. No. 95-1 (exhibit No. 1 to Declaration of Napa Assistant City Attorney D. Jones, Esq. in opposition to Plaintiff's motion to compel production of records from the Napa Police Dept.).  For the reasons explained below, we hereby move, pursuant to Fed. R. Civ. P. 5.2(e) and NDCA Local Rule 7-11, for an order to strike this unredacted filing from the public record.  In the alternative (and pursuant to Fed. R. Civ. P. 5.2(e)(2) and Local Rule 79-5(b)), we move for an order to seal or restrict the document from public viewing.

   Under Rule 5.2(a) of the Federal Rules of Civil Procedure, certain personal information that may be used to identify an individual must be redacted from electronic and paper filings made by a party or non-party.  In relevant part, a filing that contains the name of an individual known to be a minor may only include the minor's initials.  *See* Fed. R. Civ. P. 5.2(a)(3).  For "good cause" shown, the court may also enter a protective order to redact additional information or to limit or prohibit a non-party's remote electronic access to filed document.  *See* Fed. R. Civ. P. 5.2(e)(1)-(2).  The court may *sua sponte* strike filings that do not comply with Rule 5.2 and may also impose additional restrictions to preserve the anonymity of minor-aged litigants, including, for instance, the use of pseudonyms when referring to the parents of minor-aged litigants.  *See, e.g., J.L. v. Mercer Island Sch. Dist*, 592 F.3d 938, 941 n.1 (9th Cir. 2009) ("In the interest of preserving the family's privacy because K.L. was a minor at all relevant times, we identify Plaintiffs as 'K.L.,' 'Parents,' 'Mother' and 'Father.'"); *Armstrong v. Morgan*, No: 6:14-cv-1696, 2014 U.S. Dist. LEXIS 162808, at *1-*2 (M.D. Fla. Oct. 29, 2014) (recommending that clerk of court strike attachments to complaint that contained unredacted personal information in violation of Fed. R. Civ. P. 5.2), *adopted and ordered* at 2014 U.S. Dist. LEXIS 162813 (M.D. Fla. Nov. 20, 2014).  Likewise, by local rule, an order sealing a portion of the public docket may be entered after request "establish[ing] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  NDCA Local Rule 79-5(b).

Letter to Hon. Sallie Kim re: Dkt. No. 95-1
March 13, 2018
Page 2 of 2



   There is "good" cause for striking or sealing the document in question (Dkt. 95-1) because it contains the unredacted name of a minor litigant in this action.  This litigation arises from a multi-year hazing ritual involving members of the Napa High School junior varsity football team, which is comprised of mostly freshman and sophomore schoolchildren.  The plaintiff and several of the minor defendants in this matter were only 14 or 15 years old when these alleged acts of hazing and sexual assault occurred.  The hazing allegations stated in the complaint are highly charged and graphic.  *See* First Am. Complaint (Dkt. 33) at ¶¶ 20-22.  These allegations are embarrassing for all students alleged to have been involved, whether as victim or as alleged perpetrators.  Given the highly-publicized nature of this case, it is reasonable to conclude that disclosing the identities of the minor-aged litigants is likely to lead to acts of retaliation, harassment, injury, ridicule, and personal embarrassment by their peers and the public.  The privacy of the minor-aged children in this litigation is a serious concern, and the parties are currently finalizing the details of a protective order that intends to provide greater privacy protections to the children involved than the Court's standard protective order.  The identity of the minor in question should not be publicly accessible online via PACER, especially given the speed at which PACER filings are commonly scraped by commercial service providers who cache copies of filed documents for purchase and dissemination.

   We submit this request without waiving any rights to privacy and/or secrecy that may exist under applicable state law.  It has been publicized in local media that several unidentified children have been subject of state-court proceedings as a result of acts of hazing at Napa High.  But the identities of those children have been appropriately withheld and should continue to be shielded from public consumption to preserve all parties' privacy interests and to effectuate the State of California's paramount goals of treatment, rehabilitation, and avoiding a lifetime of stigma and shame.  *See, e.g.,* Cal. Welfare & Inst. Code §§ 300.2, 786(g) & 827; *see also*, Cal. Rules of Court Rule 5.552 (state rule of procedure).

   We welcome the City of Napa's opposition to the subpoena seeking disclosure of protected materials, and we have spoken via telephone with Napa City Attorney Michael Barrett, Esq. this evening about this erroneous filing.  We have requested the City's agreement to correct this docket entry, and we have also submitted an email to counsel with instructions about how they can correct this accidental filing via the CM/ECF system.  We anticipate speaking further with the City Attorney's office in the morning about this issue, but we wished to file this letter brief with the utmost urgency to request that the filing, Dkt. No. 95-1, be stricken or sealed.

              Respectfully submitted,

               Mario A. Moya
               MOYA LAW FIRM

Cc: All Counsel of Record (via ECF Notice)
    Michael Barrett, Esq. & David C. Jones, Esq. (City of Napa) (sent via email)