MARIO A. MOYA (State Bar No. 262059)
REBECCA M. HOBERG (State Bar No. 224086)
LAW OFFICE OF MARIO A. MOYA
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone:  510.926.6521
Fax: 510.340.9055
Email:  mmoya@moyalawfirm.com
        rhoberg@moyalawfirm.com

Attorneys for Defendant
B.B., a minor

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| B. DOE, a minor, by and through his Guardian, KERRIE WAGNER,<br><br>            Plaintiff,<br><br>        v.<br><br>NAPA VALLEY UNIFIED SCHOOL DISTRICT, a public entity; ANNIE PETRIE, an individual; TROY MOTT, an individual; GERALD HARRIS, an individual; JESUS MARTINEZ, an individual; J.T., an individual minor; D.O., an individual minor; B.B., an individual minor; J.Z., an individual minor; R.J., an individual minor; JOHN TORRES, an individual; FLORA TORRES, an individual; and, DOES 1 through 100, inclusive<br><br>            Defendants. | Case No. 3:17-CV-03753-SK<br><br>**DEFENDANT B.B.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF NAPA POLICE DEPARTMENT REPORT**<br><br><br>Date: April 16, 2018<br>Time: 1:30 p.m.<br>Courtroom A – 15th Floor<br>The Honorable Sallie Kim |

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 1

II.   BACKGROUND ................................................................................................................ 2

III.   ARGUMENT ................................................................................................................... 3

    A.   The Motion Should Be Denied As Nonjusticiable. ................................................. 4

        1.   This Motion is Not Yet Ripe Because the Juvenile Court Has Yet To Rule on
           Plaintiff's Pending Petition to Disclose These Same Records. ........................ 6

        2.   The Motion Should Be Denied on Prudential Grounds Because It Is Duplicative
           of a Pending State Proceeding Before the Juvenile Court. ............................ 7

    B.   The Motion Must Be Denied on Its Merits. ........................................................... 6

        1.   Principles of Comity Should Prevent The Court from Compelling Disclosure of
           Sealed Juvenile Records, Which Is Severely Limited By State Law. ............... 9

        2.   Plaintiff Misstates The Applicable Standard of Review By Failing to Cite To a
           Single Federal Case That Has Ever Compelled the Disclosure of Sealed Juvenile
           Records. ................................................................................................... 8

        3.   Plaintiff's Interest In Obtaining a Sealed Juvenile Record Is Overwhelmed By
           the Privacy Rights of Affected Children and Strong State Policy Prohibiting The
           Disclosure of Sealed Records. ................................................................... 9

        4.   The Limited Intrusions into Privacy at Issue in the Cases Plaintiff Cites Are
           Distinguishable from the Serious Intrusion Requested Here. **Error! Bookmark not defined.**

IV.   CONCLUSION ................................................................................................................ 12

1

## TABLE OF AUTHORITIES

**Cases**

*Carlson v. FedEx Ground Package Sys.*, 2012 U.S. List. LEXIS 144744 (D. Mont. Sept. 12, 2012) ….4

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)…5, 6

*Currie v. Group Ins. Comm'n*, 290 F.3d 1 (1st Cir. 2002)……………………………………..…5

*Doe No. 59 v. Santa Rosa City Sch.*, 2017 U.S. Dist. LEXIS 29126 (N.D. Cal. Mar. 1, 2017)…….9, 11

*Estate of Maldonado v. Sec'y of the Cal. Dep't of Corrs. & Rehab.*,
2007 U.S. Dist. LEXIS 91084 (E.D. Cal. Nov. 30, 2007)… …………………………………8, 11

*Fox v. County of Tulare*, 2013 U.S. Dist. LEXIS 103720 (E.D. Cal. July 24, 2013). …………...…8

*FTC v. AMG Service*s, 2014 US. Dist. LEXIS 10241 (D. Nev. Jan. 28, 2014)… ……………………4

*In re Anthony H.,* 129 Cal. App. 4th 495 (2005) ………………………………………………4

*S.V. v. Superior Court*, 13 Cal. App. 5th 1174 (2017) ……………………………………..6, 7

*Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568 (1985)… …………………………4

*United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009)………………………………..4

*Van Horn v. Hornbeak*, 2010 U.S. Dist. LEXIS 147669 (E.D. Cal. Mar. 18, 2010)… …………...9

**Statutes**

Cal. Rules of Court 5.552……………………………………………….*passim*

Cal. Welfare & Institutions Code §§ 300.2, 786, 827………………………*passim*

1

## I.    INTRODUCTION

2

Plaintiff asks this federal court to compel production of a police report that has been sealed

3

by the Napa County juvenile court in several proceedings arising from allegations of student-on-

4

student hazing at Napa High School.  Plaintiff seeks this report to obtain the identities and

5

statements of witnesses to the hazing incident.  There is no question that Plaintiff — like all

6

affirmative litigants in this litigation — has an interest in obtaining facts to support his theory of the

7

case against the remaining defendants in this lawsuit, all of whom are connected to a culpable school

8

district.  But the appropriate mechanism for Plaintiff to accomplish this end is through ordinary civil

9

discovery under the scrupulous supervision of the Court, not through the drastic step of demanding

10

access to sealed juvenile records over the objections of the affected minors.  Juvenile records are

11

traditionally protected from encroachment of the privacy rights of the minors involved.  Plaintiff has

12

not made the required showing that the information he seeks to compel is significantly relevant to his

13

remaining claims against the school district, and is not available through less obtrusive means, i.e.,

14

ordinary channels of discovery such as interrogatories and depositions.

15

If anything, Plaintiff's motion is premature and is not yet ripe for resolution, especially in

16

light of concurrent state proceedings in which Plaintiff has separately petitioned the state juvenile

17

court for the very same relief — i.e., to release the very same police report at issue.  The existence of

18

this concurrent state proceeding also raises important issues of federalism, comity, and abstention,

19

all of which may also serve as adequate and independent bases for denying (or staying) the motion

20

on prudential grounds while the matter is litigated in state court.  But even if the Court were to find

21

that the dispute is justiciable at this juncture, the motion must still be denied on its merits because

22

Plaintiff's interests do not outweigh the overwhelming countervailing privacy interests of the minors

23

affected by the motion and the State of California's strong policy interest in preserving the secrecy

24

25

26

27

28

DEF. B.B.'S OPPOSITION TO PLAINTIFF'S MOT. TO COMPEL PRODUCTION OF NAPA POLICE REPORT

1

of sealed juvenile records so that the children who are the subject of such proceedings have a fair opportunity to avoid a lifetime of stigma, shame and collateral consequences for acts they are alleged to have taken in their youth.  This Court should defer to the state juvenile court on these issues, which are exclusively within its considered domain and expertise.

Plaintiff's motion is brought to enforce a subpoena to a non-party, which was filed (i) before entry of a protective order, (ii) while discovery is stayed to further settlement discussions, and (iii) before Plaintiff has attempted to obtain the same information through discovery in this action.  While we understand that Plaintiff may feel somewhat constrained by the Court's stay of discovery in aid of settlement, the Plaintiff's interests in attempting to enforce this subpoena are vastly outweighed by (i) the privacy concerns that it raises (which potentially implicates scores of Napa High School students), (ii) the juvenile court's decision to seal the records entirely as required by statute in exceptional cases, and (iii) the likelihood that disclosure would upend the juvenile court's careful calibration of remedies, consequences and deterrence among the children of its local community.

## II.      BACKGROUND

Plaintiff filed this lawsuit against several juveniles and the NVUSD concerning an incident of hazing in a football locker room.  The incident led to a juvenile investigation, as well as simultaneous investigation by the NVUSD, in which students who witnessed the incident were interviewed.  *See* Mot. at 2.  Juvenile proceedings were brought against several minor students, and were subsequently dismissed and sealed by the Napa County juvenile court.  *See* Decl. of Mario Moya ("Moya Decl.") at ¶ 5 & Exh. A (order sealing juvenile case). The police report that is the subject of this motion was specifically sealed by the juvenile court.  *See id*. at ¶ 11 & Exh. B (order sealing police report).

On February 23, 2018, Plaintiff served a "Petition to Obtain Report of Law Enforcement

Agency" on the Napa Police Department seeking the police report and referencing the juvenile cases brought against the minor students. *See* Moya Decl. ¶ 6. The Police Department objected that the report in question had been sealed by the juvenile court, and informed Plaintiff that it could not disclose the report unless the juvenile court directed it to do so. On March 15, 2018, Defendant B.B. filed an objection to Plaintiff's Petition, *id.* ¶ 6, and the juvenile court has yet to hold a hearing and adjudicate the Petition. *Id.*

If this Court were to order disclosure of this information to third parties, the minor defendants in this action and several other children identified in those materials would be at risk of harm to their reputation that could damage their lives and health permanently.[1]

## III.   ARGUMENT

Plaintiff asks this Court to disregard (if not override) a prior decision of the Napa County juvenile court to seal the juvenile records at issue. He also asks the Court — in advance — for the same relief that he has already sought from the state juvenile court via the California Rules of Court, a decision which remains to be decided. The juvenile court's original decision to seal the records of the minors who were the subject of juvenile proceedings was an extraordinary measure reserved for exceptional cases, and the juvenile court's judgment in that regard is worthy of deference and should be considered in its appropriate context, especially when a federal court is asked to upend that decision at a considerable distance from the original heat of the controversy and the state court's first adjudication.

---

[1] Plaintiff B. Doe states that the parties have "stipulated" to a protective order, but that is not correct, and no protective order is currently in place. *See* Moya Decl. ¶ 2. As of today, the parties were still negotiating the terms of the agreement. But even if such an order were in place, California law prohibits the release of *sealed* juvenile records to third parties, regardless of whether a protective order exists in a particular proceeding. *See* Welf. & Inst. Code § 786(g).

**A.      The Motion Should Be Denied As Nonjusticiable.**

    **1.      This Motion Is Not Yet Ripe Because The State Juvenile Court Has Yet To Rule on Plaintiff's Pending Petition To Disclose These Same Records.**

Plaintiff's motion is not yet ripe because the state juvenile court has yet to rule on Plaintiff's pending petition.  Plaintiff asks this Court for the same relief he seeks from the juvenile court — i.e., compelled disclosure of the Napa P.D. police report concerning the incident.  Plaintiff may ultimately receive the relief he requests if the juvenile court grants his pending petition.  Therefore, it is premature for the Court to entertain this motion in the first instance because a favorable decision by the state court on the petition would obviate the need for this motion.  Accordingly, the motion is not ripe and should be denied.  *See, e.g.*, *FTC v. AMG Service*s, 2014 US. Dist. LEXIS 10241 at *8 (D. Nev. Jan. 28, 2014) (denying motion to compel as "unripe" where party had further opportunity to obtain subject discovery); *Carlson v. FedEx Ground Package Sys.*, 2012 U.S. List. LEXIS 144744 at *4 (D. Mont. Sept. 12, 2012) ("To be actionable, the discovery at issue and the Motion to Compel must be ripe for the Court's decision.").[2]

The juvenile court is required to rule on the merits of Plaintiff's state petition.  Under California law, the authority to determine the disclosure of juvenile records is exclusively vested in the state juvenile courts.  In fact, it is reversible error for a state juvenile court to defer and delegate such an important decision to a federal judge in the first instance.  *See In re Anthony H*., 129 Cal. App. 4th 495, 502-503 (2005) (holding that Welf. & Inst. Code § 827 and predecessor to C.R.C. 5.552, compelled juvenile court to reach decision on merits regarding grandmother's right to obtain grandson's juvenile court records for use in federal civil action concerning grandson's placement for

---

[2] "A claim is not ripe if it involves 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009) (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). The same principles should apply to motions for relief; a federal court should not be asked to make a contingent, premature ruling.

1    adoption).

2           Plaintiff's motion is premature and should be denied on that basis.

3    **2.      The Motion Should Be Denied on Prudential Grounds Because It Is Duplicative**
     **of a Pending State Proceeding Before the Juvenile Court.**
4

5           This motion should also be denied (or, at the very least, stayed) because it is duplicative of a

6    pending state court proceeding that was filed by Plaintiff in the state juvenile court.  Under

7    principles of *Colorado River* abstention, a federal court may dismiss or stay a federal proceeding for

8    reasons of sound judicial administration, especially when the federal and state courts have

9    concurrent jurisdiction over duplicative litigation.  *See Colorado River Water Conservation Dist. v.*

10   *United States*, 424 U.S. 800, 817 (1976).   The possibility that a favorable ruling on Plaintiff's

11   current petition in the juvenile court could moot this motion entirely is a further reason why the

12   Court should deny the motion in the first instance or, at the very least, stay the motion until the issue

13   is resolved by the juvenile court.  *See, e.g., Currie v. Group Ins. Comm'n*, 290 F.3d 1, 8-13 (1st Cir.

14   2002) (*Colorado River* factors weighed in favor of abstention of federal appeal pending state appeal

15   on similar issue).

16
17          Here, Plaintiff's motion asks the Court to preempt (if not second-guess) the considered,

18   deliberate experience of a specialized state tribunal that is devoted to adjudicating the delinquency of

19   minor-aged offenders, a matter traditionally reserved to the states.  Plaintiff's motion also demands

20   that the Court disregard the juvenile court's prior decision to seal these records, a deliberate decision

21   by that court that the proceedings "shall be deemed not to have occurred."  Welf. & Inst. Code §

22   786(b).  The juvenile court presided over multiple proceedings arising out of the underlying events at

23   issue with the full benefit numerous social services professionals who assist the juvenile court with

24   such matters.  The Court should abstain in this limited instance by deferring to the expertise and

25   judgment of the state juvenile courts as to whether the sealed records in dispute should be disclosed.

26
27
28

Moreover, a stay of this motion would also be appropriate under the *Colorado River* analysis because it seeks the same relief for the same reasons as the petition currently pending before the state court.

For these reasons, we ask the Court to deny the motion as nonjusticiable at the moment, or, alternatively, to stay the motion until after the issue is decided by the state court.

**B.      The Motion Must Be Denied on Its Merits.**

**1.      Principles of Comity Should Prevent The Court from Compelling Disclosure of Sealed Juvenile Records, Which Is Severely Limited By State Law.**

While Plaintiff is correct that federal courts are not bound by state law when deciding the scope of discovery available for a federal claim, any federal privilege relating to the disclosure of records protected by state law should be interpreted to be consistent with state law whenever possible as a matter of comity and federalism.  It is beyond dispute that there is a strong legislative policy in favor of preserving the confidentiality of juvenile records.

The disclosure of juvenile court records in California is governed by Welfare and Institutions Code § 827 and California Rule of Court 5.552.  When, as here, the juvenile court records have been sealed, then the rule governing disclosure is Welfare and Institutions Code § 786.

As a matter of state law, juvenile records are deemed to be confidential and are typically immune from discovery to protect the privacy rights of children.  *See* Cal. Welf. & Inst. Code §§ 300.2, 827; Cal. Rule of Court 5.552.  By definition, the report of a law enforcement agency like the Napa Police Department falls within the definition of a "juvenile case file" under California Rule of Court 5.552(a).  In extraordinary cases where a juvenile record has been *sealed* pursuant to section 786 of the Welfare & Institutions Code, all such records are deemed to no longer exist as a matter of law.  Welf. & Inst. Code § 786(b) ("Upon the court's order of dismissal of the petition, the arrest and other proceedings in the case shall be deemed not to have occurred…."); *see generally*, *S.V. v.*

*Superior Court*, 13 Cal. App. 5th 1174 (2017).

Section 827 sets forth the exclusive list of individuals who have the right to access juvenile records. Anyone not explicitly identified therein must file a petition with the juvenile court and obtain an order granting access to inspect the records. *See* Welf. & Inst. Code § 827(Q). California Rule of Court 5.552 provides further guidance on what is needed to request disclosure of juvenile records. The rule says that "in determining whether to authorize the release of a juvenile police record to a third party . . . the court shall balance (1) the interests of the juvenile who is the subject of the record, (2) the interests of the petitioner, and (3) the interests of the public. *See* Cal. Rule of Ct. 5.552(d)(4).

These procedures, however, "apply only to the inspection and release of a minor's *confidential* juvenile case file; everything changes once a minor's confidential file has been *sealed*." *S.V. v. Superior Court*, 13 Cal. App. 5th 1174, 1180 (2017) (emphasis in original). An even stronger legislative policy against disclosure of *sealed* juvenile records is found in Welfare & Institutions Code section 786, which absolutely requires the sealing of court records for juvenile offenders who "satisfactorily" complete lesser-restrictive programs of supervision and rehabilitation:

> If a person who has been alleged or found to be a ward of the juvenile court satisfactorily completes (1) an informal program of supervision pursuant to Section 654.2, (2) probation under Section 725, or (3) a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice.

Welf. & Inst. Code, § 786(a). Once a record is sealed by the juvenile court, it is effectively prevented from disclosure, even if subpoenaed in connection with a criminal matter. *See S.V.*, 13 Cal. App. 5th at 1186 (2017) (finding that "there is simply no statutory exception that allows a juvenile court to release a minor's delinquency file to a third party criminal defendant after that confidential file has been sealed").

**2.** **Plaintiff Misstates The Applicable Standard of Review By Failing to Cite To a Single Federal Case That Has Ever Compelled the Disclosure of Sealed Juvenile Records.**

A record that has been ordered sealed by the juvenile court under section 786 may only be accessed, inspected, or utilized under eight (8) extraordinary circumstances, none of which are applicable here. *See* Welf. & Inst. Code § 786(g)(1)(A)-(H). Plaintiff fails to cite to a single federal case (published or unpublished) in which a federal court has compelled the disclosure of sealed juvenile records.

It is true that the federal courts have routinely recognized the strong state policy protecting juvenile records from disclosure under section 827, and have recognized the strong state policy that weighs against the compelled disclosure of state juvenile records. *See Fox v. County of Tulare*, 2013 U.S. Dist. LEXIS 103720, at *9-10 (E.D. Cal. July 24, 2013) (in determining whether to compel disclosure of state juvenile records, "[c]omity requires that [Welfare and Institutions Code section 827] 'be respected if at all possible,' weighing 'the needs of [the] case' against 'the state interest in keeping the juvenile information confidential.'"); *Estate of Maldonado v. Sec'y of the Cal. Dep't of Corrs. & Rehab.*, 2007 U.S. Dist. LEXIS 91084, at *3 (E.D. Cal. Nov. 30, 2007) ("[T]he privilege advanced by the state statute was a strong one, and that unless the state law was inconsistent with federal law on the subject, comity required that the state law be respected if at all possible given the needs of this case.").

Yet, despite citing these and other authorities in his motion (at pp. 4-5), Plaintiff fails to cite a single case in which a federal district court compelled production of a juvenile record that had been *sealed* by the juvenile court pursuant to Welfare & Institutions Code section 786, which, again, evidences a stronger policy against disclosure. Because several of the persons identified in the police report are believed to have had their juvenile records sealed under section 786, the cases cited

by Plaintiff's motion are not controlling and understate the strong state policy against disclosure of

sealed juvenile records.  Plaintiff does not fall within any of the exceptions that would allow access

to a sealed record under section 786.  Therefore, to grant Plaintiff's motion would require the federal

court to compel the state court to act in a manner expressly prohibited by state law.   In this regard,

Plaintiff fails to make a sufficient showing to justify this extreme request.

> ### 3.    Plaintiff's Interest In Obtaining a Sealed Juvenile Record Is Overwhelmed By the Privacy Rights of Affected Children and Strong State Policy Prohibiting The Disclosure of Sealed Records.

The cases that Plaintiff cites dealt with un-sealed juvenile records, and either borrowed the

statutory balancing test discussed above from Welfare & Institutions Code § 827, *see Van Horn v.

Hornbeak*, 2010 U.S. Dist. LEXIS 147669, at *12 (E.D. Cal. Mar. 18, 2010), or applied a "federal

balancing test" that considers the following factors:  (1) the probable encroachment of the

individual's privacy right and the magnitude of encroachment; (2) whether the encroachment would

impact an area that has traditionally been off limits for most regulation, *i.e.*, an area where privacy

concerns have traditionally been respected; (3) whether the desired information is available from

other sources with less encroachment; (4) the extent to which the exercise of the individual's privacy

rights impinge on the rights of others; and (5) whether the interests of society at large encourage a

need for the proposed encroachment.  *See* Mot. at 4-5 (citing, inter alia, *Doe No. 59 v. Santa Rosa

City Sch.*, 2017 U.S. Dist. LEXIS 29126 (N.D. Cal. Mar. 1, 2017)).  All of these factors weigh

heavily against disclosure:

First, the encroachment on the minor defendants' privacy right would be severe.  The

requested order would disclose a police record concerning the minors' alleged--but not proven--

conduct as juveniles, in connection with an alleged incident that the juvenile court has dismissed and

ordered to be sealed.  The report likely contains statements about the actions of B.B. and other

juveniles, made by various other juveniles to the Napa police.  Release of the records could result in severe emotional, professional, and personal consequences to minor-aged litigants.[3]  The records could also result in harm to other juveniles who gave or were the subject of statements made in the report, and such individuals have not been given notice of this request, nor an opportunity to request that the records remain sealed.  *See* [Police Dept Objection].

Second, not only would the requested encroachment "impact an area that has traditionally been off limits," it would result in an order instructing a state agency to release *sealed* confidential juvenile information in direct contravention of a law enacted by the California Legislature to protect the privacy interests of juveniles.  As noted, no California federal court, as far as Plaintiff's submission indicates, has ever ordered such a divergence from the law requiring that sealed juvenile records remain sealed.

Third, the information that Plaintiff seeks to obtain from the police record – the identity of witnesses and their testimony – is available from other sources.  Plaintiff can propound an interrogatory to NVUSD for the identities of the witnesses, and can seek to discover the knowledge possessed by those witnesses without asking this court to unseal juvenile records in violation of California law.

Fourth, the exercise of the juveniles' privacy rights will not impinge on Plaintiff's ability to litigate his case at all if Plaintiff obtains the information in question through alternative means.

Fifth, the interests of society at large are reflected in the statute enacted by society's elected

---

[3] The hazing allegations stated in the complaint are highly charged and graphic.  *See* First Am. Complaint (Dkt. 33) at ¶¶ 20-22.  These allegations are embarrassing for all students alleged to have been involved, whether as victim or as alleged perpetrators.  Given the highly-publicized nature of this case, it is reasonable to conclude that disclosing the identities of the minor-aged litigants is likely to lead to acts of retaliation, harassment, injury, ridicule, and personal embarrassment by their peers and the public.  The privacy of the minor-aged children in this litigation is a serious concern, and the parties are currently finalizing the details of a protective order that intends to provide greater privacy protections to the children involved than the Court's standard protective order.

representatives:  sealed juvenile records are available only to specified individuals in order to protect

the lives of juveniles as a matter of state law.  A third-party litigant seeking damages is not one of

the specified categories of individuals to whom disclosure is permitted under Welfare & Institutions

Code § 786(g).  Although Plaintiff has a right to litigate his case, he has alternative means to do so

without asking this Court to jettison state law.

### 4.   The Limited Intrusions into Privacy at Issue in the Cases Plaintiff Cites Are Distinguishable from the Serious Intrusion Requested Here.

The few cases that Plaintiff cites show by contrast why the serious intrusion requested here

should be denied.  For instance, Plaintiff relies on *Doe No. 59 v. Santa Rosa City Sch.*, 2017 U.S.

Dist. LEXIS 29126 (N.D. Cal. Mar. 1, 2017), which Plaintiff says is "similar to the facts of this

case," but that is simply not true.  The case did not concern sealed records, and the juvenile in

question *did not object* to the release of his own information.  *Id.* at *4-5.  The court in *Doe No. 59*

was careful to point out that due to the facts of the case, the court "[was] not asked to rule on a

minor's objections based on privacy rights."  *Doe No. 59*, 2017 U.S. Dist. LEXIS 29126, at *3 n.2.

In addition, the information at issue in the police report was important to that case, because it

contained facts that had been sought through deposition, but had turned out not to be available due to

lack of memory.  *Id.* at *4-5.  Here, in contrast, Plaintiff has not yet taken the steps necessary to

identify the witnesses or to interview or depose them.  This case presents an entirely different

situation from *Doe No. 59*.

Likewise, in *Estate of Maldonado*, it was the family of a deceased juvenile who were seeking

access to his records, and the state law permits parents to obtain such records.  *See* 2007 U.S. Dist.

LEXIS 91084, at *2-3.  In addition, the statute provided a presumption in favor of the release of

records pertaining to a deceased juvenile, given that society's interest in rooting out the

circumstances that led to a juvenile's death and preventing future harm to other children greatly

1  outweighed any possible privacy interest.  *Id.* at *15-18.

2        And in *Van Horn v. Hornbeak*, the Court applied the balancing test of Section 827.9, and

3  permitted disclosure of the documents because the only privacy interests they involved were those of

4  the child's parents, not those of the child himself.  *Id.*, 2010 U.S. Dist. LEXIS 14669, at *12-13.

5                                  **IV.    CONCLUSION**

6        For the foregoing reasons, Plaintiff's motion to compel should be denied.

7

8

9  Dated:  March 15, 2018                          Respectfully submitted,

10

11                                                  */s/ Mario A. Moya*

12                                                  _____

13                                                  Mario A. Moya
                                                    Rebecca M. Hoberg

14                                                  MOYA LAW FIRM

15

16

17

18

19

20

21

22

23

24

25

26

27

28