UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. DOE,<br><br>           Plaintiff,<br><br>    v.<br><br>NAPA VALLEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>           Defendants. | Case No. 17-cv-03753-SK<br><br>**ORDER GRANTING B.B.'S MOTION FOR GOOD FAITH SETTLEMENT**<br><br>Regarding Docket No. 110 |

Minor Defendant B.B. and his parents (collectively referred to as "Moving Parties") move for a determination by the Court that their settlement with Plaintiff B. Doe was made in good faith pursuant to California Code of Civil Procedure §§ 877 and 877.6. Pursuant to Civil Local Rule 7-1(b), the Court finds that this is appropriate for decision without oral argument. Accordingly, the hearing date of June 18, 2018 is hereby VACATED. Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS the motion for the reasons set forth below.

California Code of Civil Procedure §877.6 permits a court to approve a settlement if it determines that the settlement was made in good faith. *See* Cal. Code Civ. P. § 877.6; *see also Fed. Sav. & Loan Ins. Corp. v.* Butler, 904 F.2d 505, 511 (9th Cir. 1990) (holding that, while the "section 877.6 procedures do not govern a federal action . . . the substantive provisions . . . are applicable"). A finding of good faith settlement between a plaintiff and "one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights," releases the settling defendant "from all liability for any contribution to any other parties." Cal. Civ.Code § 877(b). While the settlement does not discharge any other party from liability, unless its terms so provide, "it shall reduce the claims

against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater." *Id.* at § 877(a).  Section 877.6(a)(1) further provides that a determination of good faith settlement within the meaning of the statute applies only to "any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt." *See Forman v. Gov't Emps. Ins. Co.*, 920 F. Supp. 1065, 1066 (N.D. Cal. 1996).

Section 877.6 reflects "two major goals": "the equitable sharing of costs among the parties at fault and the encouragement of settlements." *Abbott Ford, Inc. v. Superior* Court, 43 Cal. 3d 858, 872 (1987).  The California Supreme Court held that when determining whether a settlement is made in good faith:

> the intent and policies underlying section 877.6 require that a number of factors be taken into account including a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial.  Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

*Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488, 499 (1985).  "Practical considerations" require that the evaluation "be made on the basis of the information available at the time of settlement[,] and a defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Id.* (internal citation omitted).  A party asserting a partial settlement was not made in good faith has the burden of proof on this issue.  Cal. Civ. Proc. Code § 877.6(d); *see also Tech-Bilt,* 38 Cal. 3d at 493.  A party opposition a determination of good faith settlement "must demonstrate . . . that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id.* at 499-500.

The Court previously determined that a settlement between Plaintiff and another minor defendant and his parents for $25,000 was made in good faith.  (Dkt. 89.)  Here, after participating in a settlement conference with another magistrate judge, the parties settled for just over $42,000.

2

1  There is no evidence before the Court, or any other indication, to show that the settlement is not
2  within a reasonable range for a settlement of a case of this type at this stage of litigation or that it
3  was made in bad faith.  Therefore, the Court HEREBY GRANTS Moving Parties' motion for
4  good faith settlement.
5  **IT IS SO ORDERED**.
6  Dated:  June 14, 2018



SALLIE KIM
United States Magistrate Judge